UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

  v.                                     **ORDER**
                                          Criminal No. 09-73 ADM/FLN

Jiver Chino Morales,

        Defendant.

_____

Andrew S. Dunne, Esq., United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Jiver Chino Morales, pro se.

_____

## I. INTRODUCTION

Jiver Chino Morales ("Morales") has filed a Motion and Questionnaire for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c) [Docket No. 45] ("Motion"). The Government has filed a Response to Defendant's Motion For Sentence Reduction under 18 U.S.C. § 3582(c) [Docket No. 46] ("Response"). For the reasons set forth below, Morales' Motion is denied.

## II. BACKGROUND

On May 19, 2009, Morales pled guilty to distribution of 50 grams or more of cocaine base in violation of 21 U.S.C. § § 841(a)(1), (b)(1)(A). Plea Agreement [Docket No. 33]. Based upon Morales' adjusted offense level, the applicable guideline range of imprisonment was 70–87 months. On October 2, 2009, Morales was sentenced to a term of imprisonment of 50 months, followed by a three-year term of supervised release. Sentencing Judgment [Docket No. 42] 2. The sentence was a downward variance from the advisory guideline range under 18 U.S.C. § 3553(a).

On October 21, 2010, the U.S. Sentencing Commission lowered the offense levels for cocaine base offenses stated in United States Sentencing Guidelines (U.S.S.G.) § 2D1.1. As of November 1, 2011, this sentence reduction was made to apply retroactively. On October 31, 2011, this Court received Morales' Motion requesting the retroactive reduction of his cocaine base sentence.

### III. DISCUSSION

Under U.S.S.G. §1B1.10, a court has discretion to reduce a defendant's sentence as a result of an amended guideline range. In considering a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), courts must determine the following: (1) the amended guideline range and what sentence would have been given if the amended guideline had applied at the time of original sentencing; and (2) whether to exercise its discretion to reduce the sentence, as adjudged by the factors in 18 U.S.C. § 3583(a). United States v. Hasan, 245 F.3d 682, 684–85 (8th Cir. 2001). A sentence may not be reduced below an amended guideline range unless the Government previously moved for a downward departure based on substantial assistance.[1]

This Court's original sentence included a downward variance from the applicable sentencing guideline range, so the sentence was not "*based* on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2) (emphasis added). Because the sentence was not based on the previous guideline range, the subsequent guideline amendment does not affect Morales' sentence. Furthermore, the Government has not

---

[1]"If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range . . . may be appropriate." U.S.S.G. § 1B1.10(b)(2)(B).

2

previously moved for a downward departure due to substantial assistance.  Therefore, Morales' sentence is not affected by the November 1, 2011 retroactive sentence reduction, and his Motion is denied.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion and Questionnaire for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c) [Docket No. 45] is **DENIED**.

BY THE COURT:


    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  November 30, 2011.